UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| KRISTI ADAMS, : | |
|     Plaintiff, : | |
| : | |
| v. : | No. 23-cv-4195 |
| : | |
| U.S. MARSHALS, : | |
|     Defendant. : | |

_____

**O P I N I O N**
**Defendant's Motion to Dismiss, ECF No. 12 – Granted**

**Joseph F. Leeson, Jr.**                                                                                                        May 3, 2024
**United States District Judge**

**I.     INTRODUCTION**

Presently before the Court is the United States Marshals' Motion to Dismiss Kristi Adams' Complaint for lack of jurisdiction and for failure to state a claim. The underlying matter is a Federal Tort Claims action arising out of a warrant executed at Adams' home in October of 2021. Because the U.S. Marshals is an inappropriate defendant and because Adams failed to exhaust her administrative remedies, the Motion will be granted, and the matter will be dismissed.

**II.    BACKGROUND**

On October 25, 2023, Adams filed a Complaint utilizing the United States Marshals' administrative claim form.[1] The claim arises out of the conduct of the Marshals in executing a

---

[1] The "Complaint Regarding United States Marshals Service (USMS) Personnel or Programs" form is more commonly known as an SF-95. Also attached is a page and a half narrative of the events in contravention of Federal Rule of Civil Procedure 10. *See* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.")

warrant on October 25, 2021, in Northeast Allentown, Pennsylvania.  That morning, the Marshals entered the home of Kristi Adams in full riot gear with their guns drawn.  They refused to show a warrant.  The Marshals explained that they were looking for Kristi Adams and, upon locating her, summoned all the home's occupants to the living room.  This entailed waking and frightening Adams' eight-year-old daughter and the pregnant daughter of Adams' boyfriend.  During the incident, the Marshals also conducted a sweep of the home for other occupants before proceeding to conduct a brief search of the premises.  Ultimately, they left without arresting anyone or seizing anything.  Adams seeks 10 million dollars in damages to compensate her for the emotional and psychological trauma of the event.

On March 28, 2024, the U.S. Marshals moved to Dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Adams failed to exhaust her administrative remedies and that the action is time barred by the FTCA's two-year statute of limitations.  *See* ECF No. 12.  The matter is now briefed and ready for disposition.

### III. LEGAL STANDARDS

#### A. Motion to Dismiss under Rule 12(b)(1) – Review of Applicable Law

"[T]here are two types of Rule 12(b)(1) motions: those that attack the complaint on its face and those that attack subject matter jurisdiction as a matter of fact."  *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006) (citing *Mortensen v. First Fed. Sav. & Loan*, 549 F.2d 884, 891 (3d Cir. 1977)).  "[A] court must first determine whether the movant presents a facial or factual attack" because the distinction determines the standard of review.  *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).  A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis*

v. *Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska*, 462 F.3d at 302 n.3). A factual attack challenges "subject matter jurisdiction because the facts of the case . . . do not support the asserted jurisdiction." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A factual attack "cannot occur until plaintiff's allegations have been controverted[,]" *Mortensen*, 549 F.2d at 892 n.17, which occurs when the movant files an answer or "otherwise presents competing facts." *Aichele*, 757 F.3d at 358. "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff. . . . [But i]n reviewing a factual attack, the court may consider evidence outside the pleadings." *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "When a factual challenge is made, 'the plaintiff will have the burden of proof that jurisdiction does in fact exist,' and the court 'is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Davis*, 824 F.3d at 346 (quoting *Mortensen*, 549 F.2d at 891). "[N]o presumptive truthfulness attaches to [the] plaintiff's allegations. . . ." *Id.* (quoting *Mortensen*, 549 F.2d at 891) (alterations in original).

**B.     Motion to Dismiss under Rule 12(b)(6) – Review of Applicable Law**

In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").  The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted.  *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

    **C.**    **Federal Tort Claims Act (FTCA)**

Title 28 U.S.C. § 1346(b) provides: "the district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment...." 28 U.S.C. § 1346(b)(1).

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584 (1941) (internal citations omitted). "A waiver of sovereign immunity ... must be unequivocally expressed." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations omitted). The FTCA is the exclusive waiver of sovereign immunity for tort claims against the United States for money damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *United States v. Olson*, 546 U.S. 43, 44 (2005). Since the FTCA provides a limited waiver of the United States' sovereign immunity, its established procedures must be strictly construed. *See White-Squire v. U.S. Postal Serv.,* 592

F.3d 453, 456 (3d Cir. 2010); *Livera v. First Nat'l State Bank of N.J.*, 879 F.2d 1186, 1194 (3d Cir. 1989). An FTCA action may not be instituted unless the claimant first presents the claim to the appropriate Federal agency seeking a sum certain. *See* 28 U.S.C. §§ 2675(a)-(b). The exhaustion and sum certain requirements in § 2675(a) are "jurisdictional and cannot be waived." *Shelton v. Bledsoe*, 775 F.3d 554, 569 (3d Cir. 2015).

## IV. ANALYSIS

At the outset, Defendant argues that the United States Marshals Service should be dismissed because it is not a proper defendant. The Court agrees. "It is well-settled that the only proper defendant for claims brought under the FTCA is the United States of America, and not a federal agency sued in its own name or individual federal employees sued in their official capacities." *Dalessio v. U.S. Dep't of Hous. & Urb. Dev.*, 528 F. Supp. 3d 341, 344 n.1 (E.D. Pa. 2021).[2] The Marshals contend that even if Adams were permitted to amend her complaint to substitute the United States, her claim would still fail because she failed to exhaust her administrative remedies. The Court agrees.

Before bringing a claim against the United States under the FTCA, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). "Failing to follow this procedure deprives federal courts of subject matter jurisdiction." *Abulkhair v. Bush*, 413 F. App'x 502, 506 (3d Cir. 2011). The Marshals' exhaustion argument is a factual attack to jurisdiction over the case. *See*

---

[2]  While the United States may be substituted as a proper defendant for individual federal employees acting within the scope of their employment, such is not the case here. *See Goode v. United States Dep't of Homeland Sec.*, 815 F. App'x 643, 646 (3d Cir. 2020) (holding that 28 U.S.C. § 2679(d)(1) "does not provide authority for the substitution of the United States for federal agencies.")

*Stroman v. United States Postal Serv.*, No. CV 21-4400, 2022 WL 1983975 at *2 (E.D. Pa. June 6, 2022) ("Defendants' motion, which contends Plaintiff failed to exhaust his administrative remedies before filing this case, presents a factual attack.")  Accordingly, the Court may consider evidence outside the Complaint.  *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997).

Here, the Marshals have provided the Declaration of one Jennifer Bryan who is Senior Associate General Counsel for the U.S. Marshals Service averring that Adams has never presented an administrative tort claim to the agency.  Mot., Ex. A ¶¶ 4-6. In her response, Adams offers the following:

> Both I and the other plaintiff have made numerous attempts to contract [sic] the U.S. Marshals.  However, our efforts have been met with indifference and obstruction.  We have called the main office in Washington, D.C., and were advised to speak to the local U.S. Marshals and were giving [sic] the phone number.  Despite calling three times, we were repeatedly hung up on and denied assistance in filing a formal complaint.  We were also refused documentation or answers as soon as we provided our names.  Ironically, after entering the information into the system, the phone disconnected a few moments later.
>
> Given these circumstances, I believe that we have exhausted all reasonable efforts to resolve the matter without resorting to legal action.  I have filed the necessary suits and believe that I have provided sufficient time for the matter to be reviewed by opposing counsel.

Resp. ¶¶ 4-5.  Adams' response does not meaningfully refute Bryan's declaration.  Here, it is evident that the claim has not been exhausted as it appears the claim was never filed with the U.S. Marshals, much less denied or left unaddressed for six months following the filing.  *See* 28 U.S.C. § 2675(a).  Rather, Adams states that her attempts to resolve the claim were met by an uncooperative U.S. Marshals agency and garden variety bureaucratic inefficiency.  Thus, because Adams has failed to follow the FTCA procedure, the Court is without subject matter jurisdiction over the claim.  *See Abulkhair*, 413 F. App'x at 506.

A separate Order follows.

                                            BY THE COURT:

                                            */s/ Joseph F. Leeson, Jr.*
                                            JOSEPH F. LEESON, JR.
                                            United States District Judge